**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

DONALD BUTLER,

                        Plaintiff,

       - v -                                  Civ. No. 1:18-CV-1493
                                                      (GLS/DJS)

GEICO GENERAL INSURANCE COMPANY,
ALFONTO RAMOS, and MARISOL NIEVES,

                        Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

DONALD BUTLER
Plaintiff, *Pro Se*
1156 Madison Avenue, 9C
Albany, NY 12208

**DANIEL J. STEWART
United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

     The Clerk has sent for review a civil Complaint filed by Plaintiff Donald Butler. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. §§ 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the

court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

The Complaint concerns a motor vehicle accident which occurred in Albany, New York on November 9, 2018. *See generally* Compl. Plaintiff alleges that on that date he was driving in the City of Albany when Defendant Ramos negligently crossed into Plaintiff's lane and struck his vehicle. *Id.* at ¶ 9. The Complaint alleges that Ramos was

driving a car owned by Defendant Nieves. *Id.* at ¶ 6. Defendant Geico Insurance Company is alleged to have insured the Nieves vehicle. *Id.* at ¶ 7.

Plaintiff asserts negligence, negligent entrustment, "defamation negligent," and breach of contract claims. Compl. at ¶¶ 22-52. He seeks damages in the amount of $27,500. Compl. "Wherefore Clause."

### C. Sufficiency of the Pleading

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "Therefore, the Court's initial review under 28 U.S.C. § 1915(e) must include consideration of whether the court has subject matter jurisdiction over Plaintiff's claims." *Coon v. Burkly*, 2014 WL 1976669, at *7 (N.D.N.Y. May 15, 2014). Here, it is clear that the Court lacks jurisdiction over Plaintiff's claims and recommends that the Complaint be dismissed.

"Federal jurisdiction exists only when a 'federal question' is presented (28 U.S.C. § 1331), or where there is 'diversity of citizenship' and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332)." *Dow v. M & T Bank*, 2016 WL 10835986, at *2 (N.D.N.Y. May 24, 2016), *report and recommendation adopted sub nom. Dow v. M & T Bank, Mortg. Co.*, 2018 WL 626292 (N.D.N.Y. Jan. 30, 2018) (citing *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002); *Townsend v. L.T. Auto Transport, Inc.*, 2014 WL 1572801, at *3 (N.D.N.Y. Apr. 18, 2014)).

4

"In order to invoke federal question jurisdiction, the plaintiff's claims must arise 'under the Constitution, laws, or treaties of the United States.'" *Morillo v. Trexx*, 2017 WL 6372569, at *3 (N.D.N.Y. Nov. 6, 2017), *report and recommendation adopted*, 2017 WL 6372780 (N.D.N.Y. Dec. 12, 2017) (quoting 28 U.S.C. § 1331). Plaintiff's Complaint involves a motor vehicle accident and asserts traditional state law tort and contract claims which do not give rise to federal question jurisdiction. *See, e.g., Passero v. Schulz*, 2018 WL 2926292, at *4 (N.D.N.Y. Feb. 1, 2018), *report and recommendation adopted sub nom. Passero v. Schultz*, 2018 WL 2926295 (N.D.N.Y. June 7, 2018) (negligence claims do not arise under federal law); *Williams v. Glinkenhouse*, 2012 WL 2367091, at *3 (E.D.N.Y. June 21, 2012) (breach of contract claim arises under state, not federal, law); *O'Conner v. Sears Holding Corp.*, 2006 WL 2355840, at *2 (E.D.N.Y. Aug. 14, 2006) (claim arising from automobile accident involving private citizens does not arise under federal law). Significantly, Plaintiff has not asserted a specific basis for federal question jurisdiction, nor is one apparent from the pleadings. Rather, the allegations set forth in the Complaint are purely state law claims. Accordingly, no federal question jurisdiction exists.

Plaintiff also cannot establish diversity jurisdiction in this case. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000 and must be between

(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

5

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

"The party seeking to invoke diversity jurisdiction bears the burden of demonstrating the grounds for diversity exist and that diversity is complete." *Johnson v. Glob. Promotion & Pub. Corp.*, 2013 WL 828744, at *1 (E.D.N.Y. Mar. 6, 2013) (citing *Advani Enters. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir.1998)). "To have complete diversity, 'each plaintiff's citizenship must be different from the citizenship of each defendant.'" *Johnson v. Glob. Promotion & Pub. Corp.*, 2013 WL 828744, at *1 (E.D.N.Y. Mar. 6, 2013) (quoting *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009)).

Here, the Complaint specifically alleges that all parties are New York residents, Compl. at ¶¶ 1-4, and so there is clearly not complete diversity. *Chan Min Jeon v. Pavilion at Queens for Rehabilitation & Nursing*, 2017 WL 6622797, at *2 (E.D.N.Y. Nov. 22, 2017); *Bey v. Supreme Court of New York*, 2013 WL 2304101, at *2 (E.D.N.Y. May 24, 2013). Moreover, Plaintiff seeks only $27,500 in damages, Compl. "Wherefore Clause," below the statutory $75,000 threshold.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991)). Here, however, where the

6

grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at \*3 (N.D.N.Y. Feb. 25, 2015). Accordingly, I recommend that the Complaint be dismissed with prejudice.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Complaint be **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[1] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:  January 25, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge